# Cameron *v.* Fishman, Appellant.

*Practice, C. P.—Affidavit of defense in nature of demurrer—Motion to strike off—Time—Power of court to extend time—Acts May 14, 1915, P. L. 483, and May 23, 1923, P. L. 325.*

1. Where the court has overruled an affidavit of defense in the nature of a demurrer raising questions of law, the defendant is not entitled thereafter to move the court to strike off the statement of claim because it did not have attached to it copies of the papers relied upon to support plaintiff's claim.

2. Section 21 of the Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, does not give defendant such right.

3. All legal objections to the statement should have been incorporated in the original affidavit of defense raising questions of law.

4. The 21st section of the Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, providing that motions to strike off must be filed within fifteen days after copy of the pleading has been filed, is mandatory, and the courts have no power to enlarge it.

5. Where a statute fixes the time within which an act is to be done, the courts have no power to enlarge it.

6. The 22d section of the Act of 1915, giving power to the courts to extend the time "for the filing and service of any pleading," does not apply to a motion to strike off, inasmuch as such motion is not a pleading within the contemplation of the act.

Argued May 23, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 4, May T., 1927, by defendant, from order of C. P. Dauphin Co., Sept. T., 1925, No. 1085, entering judgment for want of affidavit of defense to averment of facts, in case of Peter G. Cameron, secretary of banking, in possession of Fraternity Trust Co. herein acting by Charles H. Hollinger, special deputy, v. Samuel Fishman. Affirmed.

Assumpsit to recover moneys due trust company in hands of secretary of banking. Before Fox, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff and against defendant for want of affidavit of defense to averment of facts in statement of claim. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Paul A. Kunkel,* with him *Rosenberg & Rosenberg,* for appellant.—Defendant has the right not only to file an affidavit of defense raising the question of law but also subsequently a motion to strike off the statement.

*John R. Geyer,* with him *Paul G. Smith,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 25, 1927:

Appellant filed an affidavit of defense raising questions of law to appellee's statement of claim. The court below, in an opinion filed February 15th, overruled the demurrer, and gave appellant fifteen days in which to file a supplemental affidavit on the facts. Defendant waited until March 2d, and then filed a motion to strike off the statement because it did not conform to section 5 of the Practice Act requiring copies of papers, etc., on which the party relies for his claim, to be attached to the pleadings. Plaintiff thereupon moved for judgment and the court below, after deciding the motion on its merits, called defendant's attention to his failure to observe the Practice Act, stating that all legal objections to plaintiff's statement should have been incorporated in the original affidavit of defense raising questions of law. Commenting further, the court says: "We do not think a fair construction of the [Practice] Act is that the defendant can in the first instance raise one question of law, and, if that is decided against him, raise

another, and so on.  That would be trifling with the court and delaying the trial of the cause."

Appellant seems to be of opinion that he may file two separate pleadings contesting the legal sufficiency of the statement; one under section 20 of the act attacking, as a matter of law, the right to recover on the facts narrated by the pleader,—this by an affidavit raising questions of law,—and the other under section 21 as amended, by a motion to "strike from the record a pleading which does not conform to the provisions of this act."  He claims as his authority for the latter, the Act of May 23, 1923, P. L. 325, amending section 21 of the Act of May 14, 1915, reading: "Section 21.  The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct: Provided, that such motion to strike from the record any such pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

The motion contemplated by section 21 relates to pleadings that do not conform to the Practice Act, or one that is a violation of some rule therein governing pleadings,—one that might be termed, as to pleadings, a curable defect apparent on the face of the record, conceding that the act contemplated two separate dilatory pleas.  We see no good reason why a motion of this character by the defendant should not have been embraced in an affidavit raising questions of law, if one is filed.  If such affidavit is not filed, the pleader may find himself at a disadvantage in filing one on the merits, should such motion go against him.

However, a motion to strike from the record any pleading must be filed within fifteen days after a copy of such pleading has been served on the opposite party or counsel.  When a statute fixes the time within which

an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice: Bleecker v. Wiseburn, 5 Wend. (N. Y.) 136; Harris v. Mercur, 202 Pa. 313; Singer v. D., L. & W. R. R. Co., 254 Pa. 502; Mindlin v. O'Boyle, 283 Pa. 352. The part of the Act of 1915 amended by the Act of 1923 is mandatory, and neither this court nor the court below can extend the time therein fixed by the legislature. The Act of 1923 particularly adds to section 21 of the Act of 1915 the provision that all motions to strike pleadings from the record must be filed, etc., within fifteen days, using the mandatory "shall," and, since this 15-day provision is the sole purpose of the amendment, it is apparent that section 22 of the Act of 1915, giving the general right to extend the time fixed by the statute "for the filing and service of any pleading," has no application; a motion to strike matter from the record is not, strictly speaking, a pleading. The defendant did not file his motion within the time prescribed, nor did he file an affidavit on the merits; hence the court below had no alternative. Its duty was to enter judgment, which it did.

The judgment is affirmed.