## Flitter v. Hershey.

*Charles W. Eaby* and *Frank S. Groff,* for rule; *Daniel B. Strickler,* contra.

GROFF, J., June 23, 1928.—This is an action of trespass brought by Israel Flitter against Jacob R. Hershey, on May 3, 1928, to recover for personal injuries to the plaintiff.

The plaintiff, on May 3, 1928, filed his statement of claim in the prothonotary's office of Lancaster County, Pennsylvania, and that statement of claim was served on the defendant on May 4, 1928.

The defendant, on May 26, 1928, presented a motion to the court to strike off the statement for reason therein alleged, on which motion a rule was granted, returnable the third Monday in June, and which rule was afterward argued before the court *in banc.* This motion was filed under section 21 of the Act passed May 14, 1915, P. L. 483, as amended by the Act passed May 23, 1923, P. L. 325, which reads as follows: "The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct: Provided, that such motion to strike from the record any such pleading shall be filed and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

An examination of the statement leads us to believe that it is not such statement as is required by the Practice Act of 1915, in that it contains general averments of negligence, and is insufficient, in that it avers that the defendant's car was operated in a "reckless, careless and negligent manner and at an illegal and improper rate of speed," without specifying in what manner it was recklessly and negligently operated. But although we believe that the plaintiff's statement is defective, a reading of the act of assembly above quoted convinces us that we are without authority or power to sustain the rule granted on defendant's motion, for the reason that said motion to strike off from the record this pleading was not filed within fifteen days after a copy of it was served upon the defendant, and this view is sustained in the case of Cameron *v.* Fishman, 291 Pa. 12, in which case Judge Kephart, delivering the opinion of the court, at page 14, says: "However, a motion to strike from the record any pleading must be filed within fifteen days after a copy of such pleading has been served on the opposite party or counsel. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice," and then cites Harris *v.* Mercur, 202 Pa. 313; Singer *v.* D., L. & W. R. R. Co., 254 Pa. 502; Mindlin *v.* O'Boyle, 283 Pa. 352; and then adds: "The part of the Act of 1915 amended by the Act of 1923 is mandatory, and neither this

(Supreme) court nor the court below can extend the time therein fixed by the legislature."

It seems to us that there is nothing contained in this motion that could not be filed in an affidavit of defense raising a question of law under section 21 of the Practice Act. That section relates to pleadings that do not conform to the Practice Act, or one that is a violation of some rule therein governing pleadings. If such an affidavit is not filed, the plaintiff, without amending his statement, may find himself at a disadvantage in recovering on the merits of his case.

The motion not having been filed until twenty-two days had elapsed after service of the plaintiff's statement on the defendant, we must, under the above act of assembly and under the decisions above quoted, discharge the rule granted on defendant's motion. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.