## Fleck-Marshall Company v. Lamparter. No. 1.

*J. Andrew Frantz*, for rule; *Guy K. Bard* and *Amos E. Burkholder*, contra.

GROFF, J., July 7, 1928.—This case is an action in *assumpsit*, wherein Fleck-Marshall Company, a Pennsylvania corporation, brings suit against Lorenz Lamparter to recover the sum of $503.64, with interest, alleging that the said amount is due from the defendant for a bill of merchandise sold to the defendant at his special instance and request, or at the special instance and request of an agent—not naming him.

Defendant in his affidavit of defense admits the facts set forth in paragraphs 1 and 2 of plaintiff's statement and denies the facts averred in paragraph 3, and says: "The defendant avers that neither he nor any agent of his ordered or bought any goods from the plaintiff, as set forth in paragraph 3 of the plaintiff's statement of claim, nor were any goods, as set forth, delivered to the defendant or any agent of his. . . ."

Upon the filing of this affidavit, plaintiff, through his counsel, moved to strike off this affidavit of defense, under section 21 of the Practice Act of May 14, 1915, P. L. 483, for two reasons:

"1. The affidavit of defense is in violation of section 6 of the aforesaid Practice Act, since the allegations of fact in plaintiff's statement of claim are neither specifically denied nor denied by necessary implication.

"2. The affidavit of defense is in violation of section 8 of the aforesaid Practice Act, since the defendant denied generally the averments of plaintiff's statement of claim and does not answer specifically each allegation of fact in said statement of claim."

Section 21 of the Practice Act of May 14, 1915, P. L. 483, was amended May 23, 1923, and is found in the Pamphlet Laws of that year at page 325, which reads as follows:

"Section 21. The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct; provided, that such motion to strike from the record any such pleading shall be filed and a copy thereof served upon the party filing such pleading, or his

attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

Under this act, the motion to strike off a pleading would apply equally to an affidavit of defense or a statement under proper circumstances.

In examining the Act of May 14, 1915, we find that section 6 reads as follows:

"Section 6. Every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counter-claim, if not denied specifically or by necessary implication in the affidavit of defense, . . . shall be taken to be admitted, except as against. . . ."

And section 8 reads as follows: "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegations of a set-off or counter-claim; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections 7 and 13."

And section 17 says: "In actions of *assumpsit*. . . . The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim and the court shall enter judgment or discharge the rule, as justice may require. . . ."

It seems to us that it necessarily follows that a violation of the requirements as set forth in paragraphs 6 and 8 of the Practice Act would be reached by a motion of the kind directed by paragraph 17 of the same act. If the averments of facts set forth in plaintiff's statement are not sufficiently denied in the affidavit of defense, the proper motion would be a motion for judgment for want of a sufficient affidavit of defense, and that the motion under section 21, above referred to, would be used only when the affidavit is deficient in form, which deficiency is apparent on the face of the record. No allegation of such deficiency is set out in the motion for judgment, and no suggestion of it is found in any of the pleadings.

Smith's Pennsylvania Practice Act, at page 310, contains the following: "An affidavit of defense containing neither an express admission nor a denial of an averment contained in the corresponding paragraph of the statement to which it purports to be an answer, operates as an admission to the averment in the statement under section 6 of the Practice Act of 1915; hence, the existence of such averments in an affidavit of defense is no ground for striking it off under section 21."

This view, as set out in Smith's Practice Act, quoted above, is sustained in Herron v. Florence Presbyterian Church, 27 Dist. R. 1025, and if the defendant here has failed to deny any particular averments of fact set out in the statement, it is equivalent to an express admission thereof, and such failure to deny will not cause the affidavit to be pronounced a pleading which does not conform to the provisions of the act within the meaning of section 21, authorizing the striking off of such pleadings from the record, and the proceedings should be under the 17th section of the Practice Act.

In Cameron v. Fishman, 291 Pa. 12, 14, Justice Kephart (speaking of the Practice Act of 1915, as amended) says: "The motion contemplated by section 21 relates to pleadings that do not conform to the Practice Act, or one that is a violation of some rule therein governing pleadings—one that might be termed, as to pleadings, a curable defect apparent on the face of the record, conceding that the act contemplated two separate dilatory pleas. We see no good reason why a motion of this character by the defendant should not have been embraced in an affidavit raising questions of law, if one is filed."

Thereby indicating that the motion to strike off should be used only where there is a defect in form, and where the defect is apparent on the face of the record, such as where a pleading is not set out in paragraphs and numbered, or where the proper signatures are not appended to the pleading, or where the proper affidavit is not made to the pleading, or from other causes which I will not enumerate.

We are not at this time passing upon the validity of the affidavit of defense, but feel that it conforms with the Practice Act, so far as section 21 and the amendment thereof is concerned.

The plaintiff, to sustain his motion, has cited numerous cases. We have examined all of them. In all except one motions were made for judgment for want of a sufficient affidavit of defense and not to strike off a pleading.

We, therefore, feel it is our duty to discharge the rule granted to show cause why the affidavit of defense should not be stricken off.

The rule is discharged.     From George Ross Eshleman, Lancaster, Pa.