## Commonwealth v. Plasey.

*Earl V. Compton*, for plaintiff; *Dress Pannell*, for defendant.

HARGEST, P. J., July 14, 1928.—This matter comes before us upon the motion of the district attorney to dismiss the case. That motion must be determined from the record. On Aug. 17, 1927, the defendant presented his petition, averring that upon the information of sergeant of police of the Borough of Steelton he was charged before the chief burgess with disorderly conduct, in violation of a borough ordinance, and sentenced to pay a fine of $10 and the costs of prosecution; that he was not guilty of such offense, and asked for an appeal from said judgment.

This petition, with the order of the court allowing same, was filed Aug. 20, 1927. On Sept. 27, 1927, the district attorney presented his motion, setting out that the term in which the appeal was allowed had ended; that there was no appeal taken in compliance with the order of court; and that the court is now without jurisdiction to allow an appeal *nunc pro tunc*.

On Sept. 30, 1927, the defendant presented a petition, averring the allowance of the appeal by the court; that he gave notice of his intention to appeal; that within the time allowed by law he filed a bond with the chief burgess in proper form and had made repeated demands upon the chief burgess for a transcript. He asked for a rule on the chief burgess to show cause why he should not file in the office of the Clerk of the Court of Quarter Sessions a transcript of the record in the case in which he was sentenced. That petition the chief burgess answered, admitting that the defendant gave notice

of his intention to take an appeal, and requested a transcript before the acting burgess prior to the presentation of the petition for the allowance of an appeal; that the defendant presented his bond, conditioned for the prosecution of the appeal, but denied that the defendant, either by himself or his counsel, made repeated demands for a transcript or that affiant refused or neglected to furnish such transcript. The answer also averred that counsel for the defendant called him by telephone on Aug. 16, 1927, and requested a transcript, and counsel was advised that the chief burgess had not held said hearing, but that the president of the borough council, in his absence, had conducted the proceeding, and that the defendant should apply to the said president of the borough council for the transcript. The answer also denies that at any time after the allowance of an appeal was any application made to him for the entering of an appeal or for a transcript, and denies that he had any actual notice or knowledge of an appeal. It avers that upon the service of the rule to which this was an answer the affiant obtained a certified copy of the transcript which was attached to said answer. The answer also avers that there is no proceeding of the Commonwealth against George Plasey, but the proceedings referred to are had in the case of the Borough of Steelton v. George Plasey, and that the allowance of the appeal in the case of the Commonwealth v. George Plasey is ineffective to permit an appeal in the case of the Borough of Steelton v. George Plasey.

The facts averred in the answer must be taken as true. It, therefore, appears that there was an allowance of an appeal, but no appeal taken.

We think that the case of the City of York v. Miller, 33 Lanc. Law Rev. 213, the reasoning of which we adopt, is conclusive of this question. In that case the defendant had been convicted of violating a city ordinance, had applied to the court for an allowance of an appeal, which was granted upon the condition of the filing and approval of a bond. The bond was approved and filed, but no transcript was filed in the prothonotary's office. After the lapse of several terms, the defendant petitioned for service to have the appeal filed *nunc pro tunc*, and it was held that a rule to strike off the appeal must be made absolute. The same proceeding was had in the instant case as in that case, except that the allowance of the appeal was made in the case of City of York v. Miller, whereas the allowance here is made in Commonwealth v. Plasey, and there is no such case. A charge for the violation of a municipal ordinance should be brought in the name of the municipality. In that case the court said: "After the allowance of an appeal had been granted by this court, it became the duty of the party who obtained that allowance to take out his appeal in conformity with, and in compliance with, the well-known requirements of the law regulating appeals of this character. . . . The mere notifying of the mayor's clerk was not taking an appeal. It was the duty of the appellant, after he had obtained an allowance of appeal from the proper court, to show it to the court from which the appeal was to be taken and demand that his appeal be noted and that a transcript issue to the appellant in order that he could enter it in the prothonotary's office according to law."

No such thing was done in this case. The defendant secured an allowance of the appeal and took no further steps. He gave no notice to the burgess or acting burgess of such allowance, nor did he request the burgess or acting burgess to enter his appeal upon the record.

The Act of April 1, 1925, P. L. 98, provides that in case of a summary conviction, either party "may, within five days after such conviction, appeal to the Court of Quarter Sessions, or any judge thereof, upon cause shown."

The very language of the act requires two things—both an allowance and an appeal. This defendant secured the allowance but did not take the appeal.

Because of the failure to take the appeal in time, the defendant now asks us to allow it *nunc pro tunc*. This we have no power to do. In Cameron *v.* Fishman, 291 Pa. 12, 14, it is said: "When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice." To the same effect are Mindlin *v.* O'Boyle, 283 Pa. 352; Singer *v.* D., L. & W. R. R. Co., 254 Pa. 502; Harris *v.* Mercur, 202 Pa. 313; Schrenkeisen *v.* Kishbaugh, 162 Pa. 45; City of York *v.* Miller, *supra*.

For these reasons, the motion of the district attorney must be sustained.

Now, Feb. 14, 1928, the motion of the district attorney to dismiss the proceedings in the above stated case is sustained and the proceedings are hereby dismissed.

From Homer L. Kreider, Harrisburg, Pa.