## Merchants' Securities Corp. v. Clinton Motors Corp.

*John A. Moss*, for plaintiff; *Ellis Brodstein*, for defendant.

MAYS, J., Dec. 3, 1928.—This is an action in *assumpsit*. Plaintiff declares upon an oral agreement, to the effect that, in consideration of the plaintiff purchasing the commercial paper of one Carl A. Miller, defendant's agent, for Clinton motor-trucks sold by him, defendant was to pay to plaintiff the balance due on said paper in case the plaintiff should be obliged to repossess from the purchasers trucks so purchased, provided, first, that one-third of the purchase price was paid in cash; second, that the arrangement did not exceed a period of fifteen months; and, third, that the purchaser was not in arrears on monthly payments more than sixty days. The statement then avers that said agreement was approved by defendant by a letter (marked Exhibit "A"), stating that the defendant was willing to co-operate with the plaintiff as to the resale of Clinton trucks which the plaintiff might from time to time have to repossess from purchasers of same; and that said agreement was further evidenced by a written agreement (marked Exhibit "B"), which says, in substance, that defendant is to be responsible for any obligations entered into bteween the plaintiff and Carl A. Miller, defendant's agent, provided: *(a)* "That this guaranty will pertain only to such contracts on which we (meaning defendant) give you (meaning plaintiff) our O. K.;" *(b)* "that we are to give you the balance due you on any account upon delivery of truck, covered by said account, to us at our factory;" and *(d)* "that no payment is to be more than thirty days in arrears."

The defendant has filed a statutory demurrer raising a number of questions of law. As we view this matter, it will not be necessary, for the present at

least, to pass on all the questions raised. In order that questions of law which are raised may be properly disposed of, it is quite essential that the statement of claim conform to the provisions of the Practice Act, 1915. We are presently concerned with but one inquiry, viz., are the facts in the plaintiff's statement of claim set forth exactly and concisely so that the defendant can make answer? We think not. The correctness of this conclusion, we believe, is manifest from a reading of the paragraphs setting forth the alleged oral and written agreements.

Under the Practice Act of May 14, 1915, P. L. 483, the facts of plaintiff's statement of claim must be set forth exactly and exhaustively, so that the defendant may similarly set forth the facts of the defense, whereby the issue is brought out with certainty and clearness. If the allegations are so made that no concise or responsive answer can be made by the defendant, the statement is fatally defective: Shane Bros. & Wilson Co. *v.* Painter, 1 D. & C. 734. It seems to be established that the proper method of raising a question of nonconformity is by motion to strike off, under section 21 of the Practice Act, 1915, as amended by the Act of May 23, 1923, P. L. 325, and not by affidavit of defense (A. Ferraro & Co. *v.* Pennsylvania R. R. Co., 65 Pitts. L. J. 601; Hausman *v.* Breinig, 2 D. & C. 273), though a motion of this character may be embraced in an affidavit raising questions of law: Cameron *v.* Fishman, 291 Pa. 12. Here the defendant did not specifically assign the plaintiff's failure to conform to the provisions of the act, as above pointed out, as a reason in support of the statutory demurrer. It seems proper, however, to treat the demurrer as in effect a motion to strike off the statement.

Being of the opinion, therefore, that the statement of claim does not conform to the provisions of the act, in order to obviate any delay, and in view of the authority conferred on the court to make such order as may be just,

It is ordered and directed that plaintiff's statement of claim be and the same is stricken from the record, with leave to the plaintiff, however, to file, within fifteen days from this date, a new statement of claim.

From Charles K. Derr, Reading, Pa.