Northern New York Nurseries, Inc. *v.* Kovach
et al., Appellants.

Argued April 15, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

*John Duggan, Jr.,* for appellant.—Plaintiff was not entitled to judgment by default: Federal Sales Co. v. Farrell, 264 Pa. 149; Commonwealth v. Spence, 230 Pa. 571; Jackson et al. v. Ashton, 8 Peters 148.

Defendant was not required to file an affidavit of defense to the amended statement under penalty of judgment: Root v. O'Neil, 24 Pa. 326.

*D. M. Hertzog,* for appellee.—Judgment by default will not be opened unless the petition is supported by an affidavit of defense on the merits: Robert Baile Co., Inc. v. Stong and Stong, 84 Pa. Superior Ct. 241; Kozuhowski and Reuss v. Snigel and Snigel, 90 Pa. Superior Ct. 75.

OPINION BY LINN, J., July 2, 1929:

This appeal is from the refusal to strike off a judgment entered for want of an affidavit of defense.

Plaintiff, Northern New York Nurseries, Inc., employed an agent to sell, deliver and collect for its products in his neighborhood. Performance by the agent was guaranteed in writing by appellant and two others; by the Act of July 24, 1913, P. L. 971, it was a contract of suretyship—not of guaranty. Alleging default by the agent, plaintiff sued the three sureties for $408.01. Two of them filed affidavits of defense; appellant did not; whereupon judgment for want of an affidavit of defense was entered against him. He then moved to strike off the judgment, for reasons to be stated, and, when his motion was refused, took this appeal. The court below treated the motion as one to open the judgment and, while refusing to open, reduced it by $53.32, the amount of an item said not to be within the terms of defendant's

contract; as plaintiff does not complain of that, we also pass it.

Appellant's contention is that he filed a paper entitled by him "answer," which should be treated as an affidavit of defense and bring him within the rule that where an affidavit of defense has been filed, judgment for want of one cannot be entered. In disposing of the case it will be necessary for us to state part of this anomalous record.

A statement of claim was filed and served on appellant April 28, 1925. He filed an affidavit of defense under section 20 of the Practice Act, raising questions of law, July 15, 1925. The case might then have been set down for hearing in accordance with section 20, but it was permitted to drift. Before it was disposed of, appellant on August 17, 1926, by petition, obtained a rule on plaintiff to show cause why its statement of claim should not be stricken from the record, on the ground, generally stated, that it was not "in concise and summary form," etc.; this step was taken under section 21 of the Practice Act, as amended, which provides how such defect in pleading may be taken advantage of: see also Cameron v. Fishman, 291 Pa. 12. On September 6, 1926, plaintiff moved to have defendant's petition of August 17 stricken off and the court granted the motion, presumably because it was not made within 15 days after service of a copy of the statement as provided in section 21 as amended (1923, P. L. 325).

On September 9, 1926, plaintiff ruled defendant to file an affidavit of defense pursuant to a rule of the court below, providing that "No judgment by default shall be entered after three months from the date of the default, unless fifteen days' notice is served on the party in default or his attorney."

The record then was in this condition: a statement of claim was on file and was no longer subject to being

stricken off for defect of form under section 21 as amended, the time for such action having passed; an affidavit raising questions of law under section 20 (and that meant all the questions that defendant could raise: Cameron v. Fishman, supra) was still undisposed of.

Instead of setting the case down for hearing on the affidavit filed pursuant to section 20, defendant then attempted an innovation in the practice in actions of assumpsit. On September 20, 1926, he filed a paper, sworn to by him, and entitled "answer," which concluded "Wherefore defendant having answered prays that suit be dismissed at plaintiff's cost." To it, plaintiff filed a "reply" October 7, 1926.

To show what happened next we quote from defendant's petition to strike off the judgment: the petition contains the following averment: "That the matter [we assume he means the whole record] came on to be heard [after October 7, 1926] and after argument plaintiff was directed to file an amended statement of claim to comply with the provisions of the Practice Act of 1915, which said amended statement of claim was filed on January 10, 1927, and notice of the filing thereof accepted by the defendant, Anthony J. Kovach." Presumably, the court sustained defendant's position set forth in the affidavit filed July 15, 1925, under section 20; and doing so, it had the power to permit plaintiff to file an amended statement of claim. That amended statement, of which defendant accepted service, was endorsed with the required notice to file an affidavit of defense within 15 days (section 12 of the Practice Act).

As defendant took no steps to challenge the sufficiency of the new statement of claim as a pleading, we assume that he had no objection to it. That consideration being out of the way, his next duty under the Practice Act was to file an affidavit of defense, within 15 days if he had any defense, but he did nothing. On

March 12, 1927, more than a month and a half after it might have taken judgment for want of an affidavit of defense, plaintiff took such judgment. It is that judgment which defendant moved to have stricken off; and he based his request on a contention that his "answer" of September 20, 1926, should have been considered as an affidavit of defense to the subsequently filed amended statement of claim, contending that, if so considered, judgment for want of an affidavit of defense could not be taken because he had filed one, to wit, the "answer." The contention cannot be sustained.

This "answer" amounted to nothing; its contents show that it is not a paper that can be considered as an affidavit of defense on the merits in any reasonable sense of the term. It contains a number of statements that defendant has no knowledge of averments in the statement and neither affirms nor denies them and demands proof; certainly such statements cannot be considered as intending to state a defense for it has long been held that such assertions are not denials within the meaning of the Practice Act: Fulton Farmer's Association v. Bomberger, 262 Pa. 43, 46; Parry v. First Nat. Bank, 270 Pa. 556, 558. The "answer" also contains six averments that the statement of claim is not drawn in accordance with the Practice Act; that likewise cannot be a defense on the merits but is an objection to be raised under section 21, and which, as has been stated, this defendant sought to raise by his motion of September 6, though at a time when it was too late to do so under section 21 as amended; those parts of the "answer" are likewise insufficient to give it standing as an affidavit of defense. It contains another averment suggesting a parol agreement contemporaneous with the written contract, but it is wholly inadequate as an averment of a defense to the suit; so also with the averments concerning the prin-

cipal's non-insolvency; as the contract is one of surety-ship, not one of guaranty, insolvency of the principal is not involved. Such a paper cannot be considered as an affidavit of defense. It gained no standing by the fact that plaintiff filed a "reply," and plaintiff waived nothing by that: Federal Sales Co. v. Farrell, 264 Pa. 149; Fidelity v. Gizynsti, 93 Pa. Superior Ct. 152. As there was no affidavit of defense, the record was ripe for judgment; as one was entered there was no ground to strike it off.

Judgment affirmed.