## Heiges, v. Valley Railways.

*J. P. McKeehan*, for plaintiff; *S. S. Rupp*, for defendant.

BIDDLE, P. J., November 24, 1930.—On May 17, 1930, the plaintiff in this case filed a bill, setting out in substance that he was the owner of land in this county situate in the Borough of Lemoyne, lying along the northern

side of the former turnpike road; that the track of the Valley Railways was constructed along the southern side of this tract; that, beginning about August 1, 1928, the defendant commenced the relocation of its tracks and facilities by moving them to the northward; that, during the progress of said work, the defendant committed numerous trespasses on the land of the plaintiff; that it took and appropriated to its use portions of the land of the plaintiff; and that it interfered with an easement alleged to be owned by the plaintiff over and across the land of the defendant. The plaintiff prayed relief—that the defendant be required by injunction to remove its tracks, poles, station and other property from the land of the plaintiff; that it restore plaintiff's land to its former condition; that it be prohibited from parking cars and piling snow at points that would interfere with the passage of the plaintiff across land of the defendant; and that he be awarded damages for the injuries inflicted. The bill was served on the defendant on May 22, 1930. On June 21, 1930, the defendant filed an answer raising preliminary objections to the bill, the answer containing six objections. The first, second, third and fourth alleged that the facts set out in paragraphs ten, fourteen, twenty-three and eighteen of the bill were so insufficiently averred that it was impossible for defendant to make an adequate answer. The fifth objection was that the bill in equity showed that the plaintiff enjoyed no right or privilege arising from the reservation in the deed from the plaintiff's predecessor in title to the predecessor of the defendant; and the sixth objection was that the bill showed such gross laches on the part of the plaintiff that it called for the court to refuse the relief prayed for.

On June 30, 1930, without any hearing or further action on the answer, the plaintiff filed an amended bill of complaint, which met or endeavored to meet the first four objections of the defendant by modifying and amending paragraphs ten, fourteen, eighteen and twenty-three, by making the same more definite and specific. There was no change in the form of action or in the basis of the complaints made by the plaintiff. Service of the amended bill of complaint was accepted by the defendant on July 1, 1930; the amended bill so filed being endorsed with the same notice as that endorsed on the original bill. On July 31, 1930, the defendant filed a second answer raising preliminary objections to the amended bill of complaint, and service of this second answer was made on the plaintiff on July 31, 1930. The second answer made no new complaint as to the definiteness and specificness of the amended bill, but it introduced a new objection, namely, that, under the facts averred in the amended bill, the plaintiff had a complete and adequate remedy at law: first, by an action of trespass for the alleged trespasses of the defendant, and, second, by an action of ejectment for the alleged taking possession of and occupying portions of the plaintiff's land. The second and third objections in the second answer were identical with the fifth and sixth objections of the original answer. No further amendment to the bill was made or attempted by the plaintiff, and, on August 11, 1930, the defendant ordered the case upon the argument list for hearing, and the matter came before us in that shape.

At the argument, the plaintiff contended that the second answer of the defendant was filed too late, contending that, under Rule 49 of the Rules of Equity Practice, the defendant was bound to file this second answer not later than July 11th, and to place it upon the argument list within ten days thereafter; and that the failure of the defendant to do this amounted, under Rule 49, to a waiver of all objections to the form and substance of the bill.

We are unable to agree with this contention of the plaintiff. Rule 49, as we read it, does not fix the time within which further objections to an

amended bill must be filed. It does provide that the plaintiff may amend as of course within ten days after the filing of an answer raising preliminary objections. The plaintiff did this in the case of the first answer. Thereafter, under the rule, the defendant might either have rested on its original objections or might supplement them; but, as we have said, the time within which it might supplement them is not fixed by the rule. Under these conditions, we think that the defendant is entitled to the same amount of time in which to file preliminary objections to the amended bill as he has under the rules to file such objections to the original bill. Such a construction is in strict analogy with the practice on the law side of the court. For, where a plaintiff files his statement in an action in assumpsit, the defendant is given fifteen days within which to file his affidavit of defense to the merits. If preliminary objections are filed and his objections are overruled, he is given fifteen days within which to file his affidavit of defense to the merits. If the objections are sustained and the plaintiff required to amend, the defendant is given exactly as much time to file an affidavit of defense to the amended statement of claim as he was given in the case of the original statement. Rule 91 of the Equity Rules provides that, in cases not otherwise provided for, the practice shall conform as nearly as may be to the practice in courts of law. Under this rule, we agree with the defendant's contention that it was entitled to thirty days from the filing of the amended bill in which to file an answer raising preliminary objections. This view is strengthened by the fact that the notice endorsed on the amended bill called on the defendant to file its answer within thirty days from the filing of that amended bill: Hershey v. Relief Fund, 31 Dauph. Co. Rep. 51.

It was urged with much force and persuasiveness by the defendant in support of the first objection in its second answer that the plaintiff had an adequate remedy at law for all of his alleged injuries. But we think that this objection was raised too late. As we have pointed out, there was no change in the basis of the plaintiff's claim in this case. The amendments to the bill as originally filed did not depart in the slightest particular from the original ground of complaint, but merely gave with greater definiteness the details of the alleged injuries committed by the defendant. The original bill was open to the first objection made in the second answer quite as much as was the amended bill, and if the defendant intended to raise this objection at all, we think that it was its duty to do so in the first instance, and that, not having done this, it is too late for it to do it now. The right given to it in Rule 49 is to stand on its original objections or to supplement them, and we construe this to mean either an extension or qualification of the original objections, or additional objections to any new matter or change in the amended bill that varies from what was set out in the original bill. There is nothing of this sort here.

"We do not think a fair construction of the [Practice] Act is that the defendant can in the first instance raise one question of law, and, if that is decided against him, raise another, and so on. That would be trifling with the court and delaying the trial of the cause:" Cameron v. Fishman, 291 Pa. 12.

It is true that this was said in regard to procedure on the law side of the court, but we think that a principle of this sort, looking to a speedy determination of litigation, has the same application in equity that it would have at law, and for this reason we would be fully justified in overruling the first objection raised in the second answer. On the merits, however, apart from any default on the part of the defendant, we do not think that this objection

should be sustained, because the matters averred in the amended bill can be more conveniently, efficiently and satisfactorily disposed of in equity than on the law side.

While it is true that the bill does not in express language aver that the trespasses complained of are continuing ones, yet this is certainly a fair inference from what is averred. It is stated, for instance, that during the approximately two years since the defendant started the relocation of its tracks the defendant's employees have shoveled snow on the property of the plaintiff in a manner that interfered with his convenient access to and use of the same. The original bill was filed on May 17th, the amended bill on June 30th, and at that season of the year in this latitude it would not be possible for the employees of the defendant to continue shoveling snow, even if it was their intention to do so. But the fact that they have done it over the two years preceding the filing of the bill, and continued to do it in the face of repeated complaints from the plaintiff, would certainly justify an inference that the same conduct is to be feared in the future unless restrained by the court. Then, too, the bill does specifically set out that the defendant has taken and occupied and still occupy portions of the land of the plaintiff for the purposes of operating its street railway, and such operation would necessarily result in continued trespasses upon other portions of the plaintiff's land. The matters involved in the bill, if they were to be adjusted on the law side of the court, would require not one, but a number of separate actions, and the avoidance of multiplicity of actions may of itself furnish ground for relief in equity.

"Although equity ordinarily will not entertain a suit where redress may be had at law, yet equitable jurisdiction does not depend entirely upon the want of a common law remedy, but may be sustained on the ground that, under given circumstances, it is the most convenient and efficient road to adequate relief:" Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24; Lafean v. Caramel Co., 271 Pa. 276.

There is much force in the second objection raised in defendant's second answer, namely, that the plaintiff acquired no right under the conveyance from Mrs. Keller to the Harrisburg and Mechanicsburg Electric Railway Company to cross the land of the defendant in going to his own land. But this objection goes to only a portion of the plaintiff's claim, and it can be passed upon hereafter with equal advantage to the defendant and the plaintiff and with more satisfaction to the court when the case comes before it for disposition on its merits; and we shall, therefore, overrule this objection for the present, but without prejudice to the right of the defendant to renew the objection hereafter in any answer that may be filed to the merits of the case.

The third objection, namely, that the plaintiff has been guilty of such gross laches as to defeat his right to recover, cannot, we think, be sustained. According to the averments of the bill, which must be accepted as correct in passing on this objection, it appeared that throughout the progress of the alleged commission of injuries by the defendant the plaintiff made frequent protest and objection, and that the filing of the bill was delayed on account of negotiations with the defendant. In addition to this, it appeared that some of the trespasses complained of had occurred within a short time prior to the filing of the bill, and that the possession and occupancy of portions of the plaintiff's land by the defendant continued at the time the bill was filed; and, even if the delay of the plaintiff might prevent his securing all the relief asked in the form prayed for, it would not prevent his recovery of monetary

134

damages for a considerable part of the injuries complained of: Barnes Laundry Co. *v.* Pittsburgh, 266 Pa. 24.

And now, November 24, 1930, the objections to the amended bill of complaint are overruled and the defendant is directed to answer over within ten days from the filing of this opinion, under penalty of having the bill taken *pro confesso.* This order, however, is without prejudice to the right of the defendant to renew the second objection of the second answer in his answer to the merits.                                   From Francis B. Sellers, Carlisle, Pa.