## Leslie v. C. C. Cooper Motor Company

*Sidney E. Friedman*, for plaintiff.
*Paul G. Smith*, for defendant.

SHEELY, P. J., fifty-first judicial district, specially presiding, January 25, 1937.—Defendant filed a motion to strike off plaintiff's statement of claim in the above matter and at the same time filed an affidavit of defense raising questions of law. Plaintiff insists that defendant cannot file both pleadings at the same time, and that the only matter now properly before the court is the motion to strike off.

The question thus presented is one that has been frequently before the courts, and the decisions are anything but uniform. On January 18, 1927, Judge Biddle of Cumberland County filed a well-reasoned opinion in the case of Martin v. Hertzler, 41 York 73, in which he held that if a defendant considers the pleadings defective in form and also insufficient in law he should first attack the formal defects by a motion to strike off under section 21 of the Practice Act of May 14, 1915, P. L. 483, and then, if his effort in this line is sustained, or if it is overruled, file his affidavit in lieu of a demurrer, either to the original statement or to the amended statement which corrects the formal defects pointed out in the original motion.

The same general question was considered by Chief Justice Kephart in an opinion filed June 25, 1927, in the case of Cameron v. Fishman, 291 Pa. 12, in which he said, in discussing a motion to strike off under section 21:

"We see no good reason why a motion of this character by the defendant should not have been embraced in an affidavit raising questions of law, if one is filed. If such affidavit is not filed, the pleader may find himself at a disadvantage in filing one on the merits, should such motion go against him."

The particular question, however, was not before the court, and the statement was dictum.

It is greatly to be desired that there be uniformity of practice in this respect. The problem is discussed in 3 Standard Penna. Practice 679, §3, and it is there stated that if the statement of claim is defective both in form and in substance defendant is entitled to object to the form of the statement by way of motion, and also to file an affidavit of defense in lieu of a demurrer; but the order in which these steps are taken is material. Objections to the form of the statement, which are to be made by a motion to strike off the pleading, should precede objections to the substance, which are taken by an affidavit of defense raising a question of law or, as it is called, a statutory demurrer. The statement is then made:

"Under this rule, if a statutory demurrer is combined with a motion to strike off the statement, the demurrer will not be considered."

We believe that greater uniformity of practice can be obtained by following the procedure outlined in Standard Penna. Practice, although this procedure may involve greater delay in getting a case at issue, since defendant can file a motion to strike off and, after this motion is disposed of, can file an affidavit of defense raising questions of law and then an affidavit of defense on the merits. We will, therefore, now consider defendant's motion to strike off plaintiff's statement of claim, reserving to defendant the right again to file or to press his affidavit of defense raising questions of law.

Section 5 of the Practice Act of 1915, supra, provides that every pleading shall contain a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, but not inferences or conclusions of law. It is objected that paragraphs 7, 10, 11, 12, and 13 of the statement of claim in this case contain averments which are conclusions of law.

In paragraph 7 plaintiff avers that defendant placed an official inspection sticker on a truck, thereby certify-

ing that said truck complied with the requirements of the State Highway Department and was safe for use upon the highways. Plaintiff argues that the inspection sticker has a legal meaning, as set forth in The Vehicle Code of May 1, 1929, P. L. 905, namely, that the vehicle has been inspected and has been found to be in conformity with the requirements of the Highway Department and The Vehicle Code and is safe for use, and that plaintiff could not be compelled to plead the provisions of the statute.

We agree that plaintiff should not plead the provisions of a statute, but the fact to be alleged was the placing of the inspection sticker on the truck. The allegation that defendant thereby certified the condition of the truck is plainly a conclusion of law arising from the fact alleged.

In paragraph 10 plaintiff alleges that the truck proved insufficient and inadequate in braking power, and that defendant was unable to fit said truck with a sufficient and adequate system of brakes. Again plaintiff argues that he has used statutory language in referring to inadequate and insufficient brakes, and that these words have a definite statutory meaning.

There is nothing in the statement of claim, however, which indicates that plaintiff was using these words in their statutory meaning, and a mere allegation that the truck proved inadequate and insufficient in braking power is a conclusion and not an allegation of fact. Plaintiff should allege the exact difficulty with the brakes so that defendant could definitely answer that allegation.

Paragraph 11 alleges that an investigation of the condition of said truck was made by the safety division of the Highway Department of the Commonwealth of Pennsylvania and the braking system was found to be in violation of the requirements of the State Highway Department and plaintiff was denied the right to use said truck upon the highways. This paragraph contains what is definitely a statement of evidence. Plaintiff had theretofore alleged that the braking power of the truck was inadequate. The fact that it was found to be so by the safety

division of the Highway Department is merely the proof of the fact of inadequate brakes. It is further bad in that it does not state when investigation was made by the safety division or in what way the braking system was found to be in violation of the requirements of the Highway Department.

The same objections apply to paragraph 12, which alleges that upon investigation made by the Highway Department it was ascertained that defendant in placing the inspection sticker upon the truck had violated the laws of the Commonwealth of Pennsylvania. This fact is no part of plaintiff's case, and, even if it were, it is not alleged what laws of the Commonwealth of Pennsylvania were violated or in what manner they were violated.

Paragraph 13 alleges that defendant had, by the issuance of said inspection certificate, fraudulently sold and delivered a truck unfit for the use which plaintiff could make of said truck and had therefore placed on the highways a truck dangerous to all occupants or users thereof.

The theory of plaintiff's case, as we understand it, is that he is attempting to recover from defendant the money which defendant received as a result of fraud committed by it upon plaintiff. The allegations of paragraph 13 would seem to be immaterial under plaintiff's theory of the case and, if material, fail to set forth the facts upon which the allegation of fraud is based, or the basis for his statement of the unfitness of said truck, or why said truck was dangerous. It, therefore, contains conclusions of law.

It is also objected that the measure of damages set forth in paragraphs 18 and 19 is improper, in that the dates on which plaintiff received the orders for coal were subsequent to the date on which plaintiff's truck was ordered from the highway. This objection is properly raised on a motion to strike off: Leon Gabai, Inc., v. Krakovitz, 98 Pa. Superior Ct. 150. However, there is nothing in the statement of claim to indicate the date on which plaintiff's truck was ordered from the highway so that we cannot now consider this objection.

It follows that plaintiff's statement of claim in its present form must be stricken off, and that after plaintiff has filed an amended statement of claim defendant can again present his affidavit of defense raising questions of law.

And now, January 25, 1937, it is ordered and decreed that plaintiff's statement of claim be stricken from the record with leave to plaintiff to file an amended statement of claim within 15 days from the filing of this order.