## In re Euclid Building & Loan Association

694

*Nathan L. Edelstein*, for Philadelphia Real Estate Investment Corporation, exceptant.

*MacCoy, Brittain, Evans & Lewis*, for Provident Trust Company et al., petitioners.

*Francis X. McClanaghan* and *Maxwell Pestcoe*, contra.

GORDON, JR., P. J., May 9, 1939.—This case is before us for audit of the first and partial account of the Secretary of Banking, receiver in possession of the Euclid Building & Loan Association. We have examined the account and, subject to the rulings hereinafter made, will confirm the account absolutely. The following claims and exceptions were heard at the audit:

*Claim of the Philadelphia Real Estate
Investment Corporation*

This claim is under an agreement for the extension of a mortgage of $3,000, now reduced to $2,575, executed by the association while it was the owner of a property subject to the mortgage. The amount of the claim is admitted, and the only question for our determination relates to the

right of the Secretary of Banking to demand an assignment of the mortgage before paying the dividend to which claimant will be entitled on this distribution. Claimant's position is that it is not required, under the Act of April 28, 1903, P. L. 327, to assign the mortgage to the Secretary of Banking until the amount due thereunder is paid in full. The secretary, on the other hand, refuses to pay anything on account of the mortgage without such an assignment. We are of opinion that a mortgagee is not required to assign the mortgage until his claim thereunder is satisfied in full. In no other way can he protect himself and secure all the benefits of his mortgage agreement. However, we believe that the Secretary is equitably entitled, before paying the dividend, to receive a receipt from the mortgagee for the amount paid, together with a declaration by the mortgagee recognizing the right of the Secretary to subrogation in the mortgage to the extent of the payment, subject, of course, to the superior right of the mortgagee in the mortgage agreement to the full extent of the mortgage debt. Such a declaration should also contain an undertaking by the mortgagee not to satisfy or assign the mortgage without notice to the secretary giving him an opportunity to protect his subrogation rights therein. The claim of the Philadelphia Real Estate Investment Corporation is therefore allowed in the sum of $2,575, with interest, payment on account thereof to be subject to the foregoing condition. . . .

*Claim of Provident Trust Company and Pedro G. Salom, Surviving Trustees Under the Will of John H. Sanderson, Deceased.*

This matter now comes before us on petition of claimants, who are trustees of a mortgage they foreclosed, for leave to file their proof of claim nunc pro tunc. The claim involves two items: One for $2,976.13, representing the deficiency due on the foreclosure of the mortgage (not allowed by the receiver) ; and the other for arrearages of taxes amounting to $1,016.31, which claimants were compelled to pay after the sheriff's sale in order to make

title to the property. This latter item was allowed by the receiver, and is not here in dispute. The receiver gave claimants, as known creditors of the association, the notice required by the act to file their proofs of claim, and, in due time, they filed a proof of claim in which they recited that they had foreclosed on the mortgage by entering judgment on the bond, selling the property and buying it in for $50, and that they had been compelled to pay at the settlement $1,016.31 for tax arrearages in order to make title. The receiver interpreted the proof of claim filed as being a claim only for the tax arrearages, which he allowed and scheduled in his account. The last day for filing proofs of claim under the Department of Banking Code of May 15, 1933, P. L. 565, was February 9, 1937. The account before us was filed on November 2, 1938, and the limitation of time fixed by the act for filing exceptions to the account expired on December 2, 1938. The petition before us for leave to file nunc pro tunc a proof of claim for the deficiency judgment was filed on February 21, 1939, more than two years after the last day fixed by the act for filing such proofs.

In these circumstances, we have no power to allow the petition in this case. It is well settled that, where a statute fixes the time within which an act must be done, the courts have no power to enlarge the limitation thus fixed by permitting a claim to be filed after it is barred by the statute: Harris v. Mercur (No. 1), 202 Pa. 313; Cameron v. Fishman, 291 Pa. 12; Orndoff et al. v. Consumers Fuel Co. et al., 308 Pa. 165.

This disposes of the immediate question before us. It may be noted, however, that claimants contend that the proof of claim filed by them in response to notice from the receiver, and on which the claim for arrearages of taxes was allowed was, in effect, a sufficient proof of claim for both the tax arrearages and the deficiency judgment, that the receiver erred in not allowing the latter item of the claim on the proof filed, and hence that the petition, if not allowable, may properly be considered as equivalent

to an exception to the receiver's action in not allowing their full claim. With the first part of this contention, we are in accord. The proof filed nowhere clearly states a definite amount as being claimed under it. All the facts on which the claim is based, however, are recited in it, and are broad enough to support the claim for both items. The entry of judgment on the bond, which established the liability of the association, the sheriff's sale and the buying in of the property for $50 by the claimant are all recited, as well as the payment of the arrearages of taxes, and we are inclined to the opinion that the receiver should have allowed both items of the claim. The two claims are not separate and distinct. They both arise out of the foreclosure of the mortgage, and are in reality one claim composed of two items of damage. Nothing in the proof indicates an intention on the part of claimants not to claim for both items. In this respect the proof might have more definitely disclosed the true extent of the claim. But when carefully read it will be seen to contain all the facts necessary to support both items. There was no need, therefore, to present the petition for leave to file a new proof of claim as to the item not allowed by the receiver.

The difficulty with the second part of claimants' contention, namely, that the petition should be considered as in the nature of an exception to the receiver's failure to allow the claim for the deficiency judgment, is: First, that claimants appear to have acknowledged, by filing the petition before us, that they themselves did not intend the proof of claim to be a claim for the amount of the deficiency; and, second, that if they did so intend it they failed to file exceptions to the action of the receiver in allowing only one item of the claim. The Act of 1933, supra, also fixes a limitation of time for filing exceptions to accounts, and that time expired in the present case on December 2, 1938, more than two months before the petition was filed. This prevents us from treating the petition as an exception to the receiver's action, for the limitation fixed by the act in this particular is as binding upon

us as that fixed for filing proofs of claim. The petitioners cannot, therefore, participate in the distribution of the fund made available by the present account. Whether they can participate in any subsequent fund to be distributed is a matter not now before us for determination, and we therefore express no opinion upon that question.

Accordingly, claimants' petition for leave to file proofs of claim nunc pro tunc is dismissed without prejudice to claimants to assert any right they may have in this matter on a future accounting.

Reaching the conclusions indicated above on the various claims and exceptions presented for our determination, we now enter the following decree nisi in the case:

### Decree nisi

And now, to wit, May 9, 1939, the first and partial account of the Secretary of Banking of the Commonwealth of Pennsylvania, receiver in possession of the Euclid Building & Loan Association, having come on to be audited, . . . the exception of the . . . Philadelphia Real Estate Investment Company . . . [is] dismissed*; the petition of the Provident Trust Company and Pedro G. Salom, etc., is dismissed . . . and it is ordered, adjudged and decreed that the account as modified by the rulings hereinbefore made be and the same is hereby confirmed absolutely; and the receiver is ordered and directed to make distribution of the funds shown available by said account as modified to the persons therein shown to be entitled thereto.

The prothonotary will enter this decree nisi, and give notice thereof to the parties or their counsel, and unless exceptions are filed thereto within 10 days, either party may present a form of final decree to be entered in the case.

---

* Editorial Note.—As this matter arose, the exception had to be dismissed in order to let the claim as admitted stand. The real dispute was over the incidental question of whether the receiver could withhold payment until the mortgage was assigned.