## Goodwin et al. v. Scott

*Charles A. Rothman*, for plaintiffs.
*Roland Cannon*, for defendant.

LEVINTHAL, J., November 29, 1940.—This case arises upon a rule to show cause why the statement of claim in the above-entitled case should not be stricken off. In support thereof, defendant avers "that the allegation of paragraph three of plaintiff's statement of claim, setting forth the fact that this defendant carried automobile public liability and property damage insurance with the American Automobile Insurance Company, is for the purpose of bringing to the attention of the jury, or the court, the fact of insurance, and the allegation is prejudicial and for the purpose of procuring an increased verdict or finding."

Inasmuch as defendant's motion to strike was not filed within the 15-day period provided for by section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, 12 PS §491, and by Rule 55 of the Philadelphia County Common Pleas Courts, the instant rule must be discharged. In this connection, it appears that service of the writ and statement of claim was made on defendant on July 29, 1940, and the motion to strike was not filed until October 21, 1940. These being

the circumstances, the case is governed by the ruling in Cameron v. Fishman, 291 Pa. 12, 14 (1927), in which the Supreme Court declared:

". . . a motion to strike from the record any pleading must be filed within fifteen days after a copy of such pleading has been served on the opposite party or counsel. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice. . . . The part of the Act of 1915 amended by the Act of 1923 is mandatory, and neither this court nor the court below can extend the time therein fixed by the legislature."

However, it is to be observed that the circumstance that defendant, in an action of trespass, is insured is entirely irrelevant, and that its introduction at the trial by plaintiff, whether by statements of his counsel, by offers of proof, questions asked witnesses or otherwise, is prejudicial and therefore prohibited, and, indeed, in the absence of any attending mitigating circumstances, constitutes reversible error: Kaplan et al. v. Loev, 327 Pa. 465 (1937), cert. denied, 302 U. S. 766 (1938); Curran v. Lorch, 243 Pa. 247 (1914); Hollis v. United States Glass Co., 220 Pa. 49 (1908).

However, Pa. R. C. P. 2002, which provides that "all actions shall be prosecuted by and in the name of the real party in interest", has been viewed by at least one common pleas court as modifying the foregoing principle to some extent. That rule requires plaintiff's insurance carrier to be named as party plaintiff where it is the "real party in interest": Hemminger v. Johnson, 39 D. & C. 13 (C. P. Fayette Co., 1940). Although there is nothing in the new rules permitting the joinder of an insurance company as a defendant "real party in interest", in Wolf et al. v. Gross, 38 D. & C. 413 (1940), the Lancaster County Common Pleas Court allowed a statement of claim to stand, although it alleged the fact of defendant's insurance. That court said (p. 416) that under Pa. R. C. P. 2002, "the reason for excluding testimony as to an insurance

carrier for defendant is no longer applicable, where plaintiff is also protected by insurance. The former law in such a case may create rather than prevent prejudice." However, the court continued:

"Relative to accident cases where plaintiff is not insured and defendant is insured, plaintiff may not aver or prove that defendant is protected by insurance. Otherwise, defendant is apt to be prejudiced."

In the instant case, there are two plaintiffs. Plaintiff Goodwin seeks damages for personal injuries in which plaintiff insurance company has no interest at all; plaintiff Bankers & Shippers Insurance Company of New York, as assignee, seeks recovery for the property damages caused by the automobile driven by Goodwin at the time of the collision. Thus, if we were to accept the reasoning of the Wolf holding, the allegation of the statement of claim concerning defendant's property insurance would be entirely proper for, although prejudicial and irrelevant, it would be offset by the existence of an insurance company as a party plaintiff seeking recovery for property damages. The averment regarding defendant's public liability insurance, however, still would be regarded as improper inasmuch as no offsetting factor exists.

We are fully appreciative of the commendable motive underlying the decision in Wolf et al. v. Gross, supra, but, nevertheless, we are not convinced of the soundness of the holding. More particularly, we are at a loss to perceive how an *irrelevant* averment relating to defendant's insurance is made *relevant* by the joinder of an insurance company as a plaintiff "real party in interest" under Pa. R. C. P. 2002. Stated differently, the fundamental weakness of the Wolf holding appears to lie in its evaluation of the original rule against introducing evidence of defendant's insurance solely in terms of prejudice and in overlooking the basic issue of *relevancy*. If followed, its effect would be somewhat startling in sanctioning the introduction of totally irrelevant allegations in the pleadings and entirely irrelevant evidence at the trial, an unwarranted

practice even though motivated by a desire to equalize prejudices. Certainly such a result was not contemplated by the Supreme Court in promulgating Rule 2002.

Although the issue is not before us for a decision, we take this occasion to observe that, for the foregoing reasons, it is our belief that the allegation of paragraph 3 of the statement of claim relating to defendant's insurance is entirely irrelevant as well as prejudicial, that it need not be answered, that defendant's failure to answer should not operate either as an admission or denial of the truth thereof, and that plaintiff may not seek to introduce any evidence, in this regard, at the trial of the instant action.

### Order

And now, November 29, 1940, the rule to strike off plaintiffs' statement of claim is discharged.