## Bigler, Admx., v. Perry et al.

*Frederick J. Templeton,* for plaintiff.
*E. M. Biddle, Jr.,* for defendant.
*Harold S. Irwin,* for additional defendants.

REESE, P. J., December 11, 1945. — The question arising in this matter relates to a counterclaim filed by additional defendants against original defendant in an action of trespass involving an automobile accident in which plaintiff's minor son was killed. The boy was riding in a milk truck as an employe of additional de-

fendants. The truck was operated by one of the additional defendants and collided with an automobile owned and operated by Perry, original defendant. Plaintiff sued Perry, who brought in the Stambaughs as additional defendants, alleging that they were solely liable to plaintiff or were jointly and severally liable to plaintiff with original defendant. The Stambaughs, as additional defendants, have filed a counterclaim against Perry, original defendant, for the damages to their milk truck. Plaintiff filed a motion to strike off the counterclaim.

Under section 13 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 4, 1929, P. L. 140, a defendant, sued for negligence in an action of trespass, may deny negligence on his part and allege negligence on the part of plaintiff and set up against plaintiff a claim for damages arising out of the accident upon which plaintiff's claim is based. Clearly, under this provision alone, a counterclaim by additional defendant against an original defendant was not authorized.

The practice of bringing in additional defendants was provided by the Scire Facias Act of April 10, 1929, P. L. 479, and its amendments. In Fishbein v. Carborundum Co., 22 D. & C. 167, it was held that an additional defendant could file a counterclaim against plaintiff in an action of trespass, for the reason that the right given to defendant under section 13 of the Practice Act enured to an additional defendant by reason of the Scire Facias Act of 1929.

But it was also held that nothing in either act permitted an additional defendant in an action of trespass to file a counterclaim against original defendant: Stack v. Latimer, 27 D. & C. 166; Solomon v. Stauffer, 53 York 106. It was also held that additional defendant in an action of assumpsit could not file a counterclaim against the original defendant: The Pennsyl-

vania Co., etc., v. Clarke, 35 D. & C. 163; Crocker & Co. v. Bornet, 48 Montg. 306, 308.

Has any change in this situation been wrought by the Rules of Civil Procedure, promulgated by the Supreme Court? Under Pa. R. C. P. 2259(b), governing additional defendants, in effect from September 4, 1939, to December 30, 1942, "an additional defendant may assert in his answer, against any party asserting a claim against him, any counterclaim or set-off which he would be entitled to assert if independently sued in a separate action by such party". "Asserting a claim" meant a demand for affirmative relief.

Under this rule, in a situation such as the one now before us, an additional defendant could not file a counterclaim against original defendant, for in the case at bar original defendant seeks no affirmative relief from the additional defendants but merely claims that additional defendants are either solely or jointly liable for the claim of plaintiff. The original defendant herein has made no claim which could be the basis of an independent suit by him against additional defendants.

The joinder of additional defendants is now regulated by Rules of Civil Procedure adopted by the Supreme Court on December 30, 1942, and effective since that date. There is no provision in any of these rules which expressly permits an additional defendant to file a counterclaim against original defendant. Rule 2255(b) provides:

"No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counterclaim against the plaintiff."

Rule 2256(b) provides:

"An additional defendant may not assert a counterclaim which is not founded upon the transaction, occurrence or series of transactions or occurrences out of which the original cause of action arose."

The rules just cited are the only ones that contain any reference to a counterclaim by an additional defendant but they certainly contain no express provision for a counterclaim against original defendant. It is contended that they so provide by implication. Our attention is called to certain comments on these rules by the authors of Goodrich-Amram Annotations. In section 2255 (*a*) -3, the annotations state:

"If the additional defendant's . . . counterclaim . . . is formally defective, the defendant may file a motion to strike the defective pleading."

In section 2255 (*b*) -1, the annotations state:

"The additional defendant is only permitted to assert a counterclaim which arises from the background out of which the plaintiff's cause of action arose and this counterclaim may only be asserted against the defendant or the plaintiff."

No cases are cited in support of either statement.

On the other hand, the annotations also state in section 2255 (*b*) -1:

"The new rules also permit the additional defendant to file a counterclaim against the plaintiff but he cannot file a counterclaim against any other party. . . ."

If it had been the intention that the current rules on the subject would permit an additional defendant to file a counterclaim against original defendant, it would have been very easy to have the rules expressly so provide. Under the rules as adopted, there is no more reason to permit such a counterclaim than there was when the joinder of additional defendants was regulated by the Scire Facias Act of 1929. The whole purpose of joining additional defendants is to determine the ultimate liability for plaintiff's claim, whether either or both defendants are liable or whether one is liable over to the other for plaintiff's claim. A counterclaim by additional defendant against original defendant has no bearing whatever upon the liability of defendants, or either of them, to plaintiff, nor does it re-

late to any liability over with respect to plaintiff's claim.

Certainly there is nothing in the rules which would permit original defendant to assert a claim for his damages against additional defendant. If original defendant cannot do so, additional defendant should not be able to assert a claim for his damages against original defendant. If the latter cannot assert a claim for his damages against additional defendant, it would be a misnomer to say that the additional defendant has a counterclaim against original defendant. If an original defendant has a claim for damages against an additional defendant, he must assert it in an independent action. The additional defendant should assert his claim against original defendant by independent suit, or by cross suit under section 13 of the Practice Act if he is sued by original defendant.

Only one case has been found in which the question before us has been passed upon under the rules now in effect. In Kaszalowicz v. Mowry, 47 D. & C. 122, it was held that an additional defendant in an action of trespass cannot counterclaim for his damages against original defendant for the reason that under the rules original defendant cannot assert any claim for his damages against additional defendant.

Additional defendants herein contend that we cannot entertain plaintiff's motion to strike off the counterclaim for the reason that Rule 2255(b) prohibits any pleadings between the additional defendant and the plaintiff, other than a counterclaim by the former against the latter. However, a motion to strike off is not a pleading: Cameron v. Fishman, 291 Pa. 12, 15.

And now, December 11, 1945, the motion to strike off additional defendants' counterclaim against original defendant is granted and the counterclaim is hereby stricken off.